64 F.3d 662
 1995-2 Trade Cases P 71,185
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BAILEY'S TOWING, INC., a Michigan Corporation, Plaintiff,
Keith T. MURPHY, Attorney-Appellant, Cross-Appellee,
v.
CITY OF ROMULUS, a Michigan municipal corporation; Frederick
Dansby, individually and in his official capacity
as City of Romulus Chief of Police,
Defendants-Appellees, Cross-Appellants,
Thomas J. Meekins, individually and in his capacity as a
Trooper of the Michigan State Police, Defendant.
 Nos. 94-1226, 94-1237.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1995.
 
 Before: BROWN, MILBURN and NORRIS, Circuit Judges.
 OPINION
 ALANE. NORRIS, Circuit Judge.
 
 
 1
 Keith T. Murphy, an attorney, appeals from the district court's imposition of sanctions pursuant to Federal Rule of Civil Procedure 11. The City of Romulus, Michigan and Frederick Dansby, former Romulus Chief of Police, ("defendants") cross-appeal from the district court's refusal to order Murphy to compensate them fully for the expenses they incurred in responding to the claims Murphy filed against them. Because neither appeal has merit, we affirm the district court's order.
 
 I.
 
 2
 This case arose from a complaint that Murphy filed against defendants on behalf of Bailey's Towing, Inc. ("Bailey's") in June 1992. The action related to the removal of Bailey's from a list of towing companies approved to provide services for the City of Romulus. The complaint alleged that defendants conspired in restraint of trade in violation of Sec. 1 of the Sherman Antitrust Act, 15 U.S.C. Sec. 1, and deprived Bailey's of its property without due process of law in violation of 42 U.S.C. Sec. 1983. The complaint also included claims for wrongful regulation, breach of contract, and tortious interference with contractual relations. Defendants filed a motion for dismissal and/or for summary judgment in November 1992. Murphy filed a response to this motion on behalf of Bailey's on March 1, 1993. Following a hearing, the court entered an opinion and order granting summary judgment in favor of defendants on May 7, 1993.
 
 
 3
 Defendants moved for sanctions, which the district court imposed. With respect to the Sherman Act claim, the court concluded that Murphy failed to provide any factual support for the allegations that the removal of Bailey's from the list of approved towing companies had a substantial impact on interstate commerce and offered no evidence that defendants had conspired, combined, or contracted to unreasonably restrain trade. Thus, the court held that Murphy violated Rule 11 when he filed Bailey's response to defendants' motion for summary judgment. The sanction required Murphy to pay an amount equal to the reasonable costs and attorneys' fees that defendants incurred in defending against the antitrust claim from March 1, 1993 -- the date Murphy filed the response -- forward.
 
 
 4
 With respect to the Sec. 1983 claim, the court decided not to sanction Murphy under Rule 11. Instead, the court imposed an award of attorneys' fees and costs directly on Bailey's, pursuant to 42 U.S.C. Sec. 1988(b), which allows prevailing defendants in Sec. 1983 actions to recover fees where the suit was "frivolous, unreasonable, or without foundation." Hughes v. Rowe, 449 U.S. 5, 14 (1980). The court ordered Bailey's to compensate defendants for all the reasonable fees and costs they incurred in defending against the Sec. 1983 claim throughout the course of the litigation.
 
 
 5
 Defendants submitted a request for fees and costs. In support, defense counsel provided an affidavit stating the number of hours billed and the rate. The court refused to award the full amount of the request, however. Instead, it concluded that defense counsel billed an excessive number of hours in light of counsel's extensive experience defending municipalities in similar cases and "the extent and quality of the briefing." The court therefore reduced the number of hours billed by twenty-five percent and recalculated the fees. It found the cost request to be reasonable.
 
 II.
 
 6
 Rule 11 sanctions are appropriate when the district court determines that an attorney's conduct is not "reasonable under the circumstances." Mann v. G. & G. Mfg., Inc., 900 F.2d 953, 958 (6th Cir.), cert. denied, 498 U.S. 959 (1990). A good faith belief in the merits of a case is insufficient to avoid sanctions. Rather, counsel must "meet an objective standard of reasonableness." Id. On appeal, "[t]he district court's determination of the appropriateness and level of Rule 11 sanctions is reviewed for abuse of discretion." Orlett v. Cincinnati Microwave, Inc., 954 F.2d 414, 419 (6th Cir. 1992). Given the district court's familiarity with the facts of a particular case, this court "grant[s] the district court wide discretion to determine whether the conduct of ... counsel was reasonable." Mann, 900 F.2d at 958.
 
 
 7
 Murphy challenges the district court's determination that he acted unreasonably when he responded to defendants' motion for summary judgment. After carefully considering the briefs of the parties and the record on appeal, we conclude that the district court did not abuse its discretion in reaching this conclusion. As the district court recognized, persistence with a claim despite a total lack of supporting evidence is worthy of sanctions. Thus, we affirm the sanctions against Murphy upon the reasoning set out in the district court's opinion and order dated February 15, 1994.
 
 
 8
 On cross-appeal, defendants argue that the district court should have awarded them all the fees and costs they incurred in defending against the entire complaint. They contend that the court erred in concluding that defense counsel billed an excessive number of hours. Similarly, defendants argue that, because the antitrust claim was frivolous from the moment Murphy filed it, the court should have ordered Murphy to pay all their fees incurred defending against it -- rather than only those incurred after March 1.
 
 
 9
 Defendants fail to demonstrate, however, that the district court abused its discretion in determining the amount of the fee award. Moreover, it is well-established that "[t]he principal goal of Rule 11 sanctions is deterrence with compensation being a secondary goal." Orlett, 954 F.2d at 419. Rule 11 should "not be viewed as a general fee-shifting device." Id. at 420 (citation omitted). Thus, the district court had no obligation to award defendants all the fees they incurred.
 
 
 10
 Defendants also challenge the district court's decision to sanction Bailey's alone for filing the frivolous Sec. 1983 claim -- rather than Murphy, jointly and severally with Bailey's. Defendants fail to present any authority, however, for the proposition that a court must sanction both a plaintiff and his attorney when it concludes that a frivolous claim was filed. In fact, "an award under section 1988 may only be charged against the losing party, not the party's attorney." Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1374 n.1 (6th Cir. 1987). Although the district court could have imposed additional Rule 11 sanctions on Murphy, the court apparently concluded that the other sanctions provided sufficient deterrence against him. Moreover, the court wanted to ensure that the plaintiff itself felt the financial consequences of pursuing a "frivolous and petulant" claim. Accordingly, the district court did not abuse its wide discretion in sanctioning Bailey's alone.
 
 
 11
 Finally, defendants contend that the district court should have sanctioned Murphy for the filing of the wrongful regulation, breach of contract, and tortious interference claims. They entirely fail to explain why the court's failure to do so constituted an abuse of discretion, however.
 
 III.
 
 12
 For the foregoing reasons, the district court's order is affirmed.